Eugenio Rodríguez Suárez, Petitioner and Appellant, v. The Star Fruit Company, Respondent and Appellee.

No. 4482.   Argued December 19, 1929.—Decided August 1, 1930.

M. *García González* for appellant.    R. *Cuevas Zequeira* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Eugenio Rodríguez Suárez made a demand on The Star Fruit Co. to permit him to make an inspection or survey of two pieces of property of 10 and 50 acres (*cuerdas*), respectively, the former belonging to him and the latter to the company, and both located in Guaynabo.

The company refused the permit sought to enter the land at present in its possession, whereupon Eugenio Rodríguez Suárez instituted this proceeding under section 286 of the Code of Civil Procedure.

It is alleged in the petition that petitioner is the owner of the ten-acre property which he describes and which adjoins the fifty-acre tract of the respondent, also described; that the repondent, with knowledge that it does not own the ten-acre property, has taken possession thereof under the claim that it forms a part of a fifty-acre tract belonging to respondent; that the petitioner desires to make a survey of both pieces of property in order to determine their true boundaries; that accordingly he made a demand on the respondent, which refused him the permit, and that each of the properties is worth more than $500. The respondent answered. It denied that the petitioner is the owner of the ten-acre parcel and alleged on the contrary "that the ten-acre property located in the ward of Pueblo Viejo, now Guaynabo, and of which the plaintiff claims to be the owner, forms a part of the fifty-acre tract", which it described.

Following this allegation, wherein the existence of the ten-acre property is literally admitted, the respondent denied having taken possession of any property belonging to the

petitioner and as new matter of defense it alleged that the petition does not state facts sufficient to grant the petitioner the relief sought; that between the petitioner and the respondent there is pending an action of revendication which involves the ten-acre property and in which the said property is described without alleging any confusion of boundaries, and that the proceeding herein has been instituted in bad faith and with knowledge on the part of the petitioner that he has never been in possession of, or owned, said property of ten acres.

Upon the issues thus made the case went to trial. The first witness to testify was the surveyor, Camilo González, who stated that he had drawn a plan of the land purchased from Silva by the San Juan Fruit and Land Co. ''I want to explain,'' he said, ''that there are several properties included in that plan. In it is included that tract; it is not an exclusive plan of the tract but of all the land of the company in that place, so that Angulo's property is this one; that is one property and this is another property. It is a plan of the whole.''

Then the petitioner himself took the stand. His testimony appears on pages 5 to 23 of the transcript and is difficult to condense. He maintained that he had purchased the ten-acre tract from the San Juan Fruit Co. by a public deed executed in 1920; that he took possession of that tract and planted several acres thereof with sugar cane; that he sold it to Ruiz de Porras, who did not take possession of it, owing to the opposition of the respondent, and the contract of sale was rescinded, the title reverting to the petitioner on the return of the purchase price but the petitioner was unable to take possession of the property; that his property adjoins that of the respondent on the south side.

There was introduced in evidence a deed of sale to the petitioner, which was recorded in the registry of property, and a certificate of the registrar showing the record made in pursuance of a dominion title proceeding in favor of the San

Juan Fruit and Land Co. in regard to a 126-acre property composed of two parcels, one of 76 acres and the other of 50 acres acquired from Julián Silva. Thereafter several parcels appeared to have been segregated, one of 50 acres, which was sold to the respondent, and another of 10 acres sold to the petitioner.

The respondent introduced in evidence the recorded deed whereby it acquired its lands, the deed from the petitioner to Ruiz de Porras, and the record of the action brought by Ruiz de Porras against the petitioner. The only witness to take the stand on its behalf was O. M. Wood, who stated that the petitioner had been claiming the land in question and trying to locate the same for a long time, but that he has no right at all.

The case was submitted to the district court, which decided it against the petitioner, and the latter appealed.

After examining the record and the briefs, we think that the order made must be reversed and the petition granted.

A reading of the opinion of the trial judge shows that he was influenced by the decision in the case of Ruiz de Porras against the petitioner herein. That case has nothing to do with the present one. The title reverted to the petitioner, and for the purpose of allowing him to make the inspection or survey for which it has applied it is not necessary to know what took place between him and Ruiz de Porras.

In our opinion, the attention of the trial court was also diverted from the real question involved by the reference it made to the action of revendication pending between the petitioner and the respondent and especially by the citation from Manresa. The proceeding for the settlement of boundaries (*deslinde*) under the old system of procedure was different in scope and effect from the proceeding authorized by section 286 of the present Code of Civil Procedure.

In *MacCormick et al.* v. *Molinari et al.*, 16 P.R.R. 389, 395, this court, speaking through Mr. Chief Justice Hernández, expressed itself as follows:

"From a perusal of section 286, it is to be deduced that the purpose of the legislator was to place any person in a position to examine and even survey the real property of another to which he may believe himself entitled, after securing private permission or, failing this, an order from the court, for the purpose of acquiring exact and indispensable data to permit him to exercise successfully an action for the ascertainment or protection of his right or to successfully prosecute the action brought to this end, since the first paragraph of said section provides that the order for the examination or survey may be applied for whether or not there is any litigation pending as to the rights in controversy."

An examination of the pleadings and the evidence in the case at bar, in the light of the applicable statutory provisions and the jurisprudence, shows that there is basis for concluding that the petitioner should be given the necessary judicial aid for going on the land in the possession of the respondent in order to secure exact and indispensable data in support of his action of revendication. Nothing is prejudged by such aid. If the respondent is in possession of what lawfully belongs to it, it has nothing to fear; but the fact is that the petitioner aquired a piece of property from the same former owner, from whom derives the property of the respondent, and he can not find it. There is nothing to show fraud on the part of the petitioner. If there was any fraud involved in the contract of sale, he seems to have been the party prejudiced thereby. And as it is also a fact that, according to the description of the titles explained by the evidence, the said property of the petitioner adjoins that of the respondent, it seems to us that a showing has been made of all that is required in a case of this kind. This is not a mere fishing expedition. It is the case of a person who, having purchased a ten-acre parcel which, according to the title, was a segregation from a larger tract, can not now locate such parcel or take possession thereof, and who claims that it is enclosed within certain land in the possession of another person by virtue of the purchase of fifty acres segregated from the

said larger tract, from which there was segregated the ten-acre parcel, which lies contiguous to the fifty-acre tract.

It may be that in the end all should prove in vain; the petitioner may never locate his ten-acre parcel; and even after locating it he may not be able to produce a title superior to that which the respondent may have acquired to the said parcel. But, in any event, the situation is such and the antecedents of the companies which formerly owned the land are of such a nature, as appears from the testimony itself of respondent's witness, O. M. Wood, that we think that the case requires, from its peculiar circumstances, the making of an inspection of the land at present in the possession of the defendant pursuant to section 286 of the Code of Civil Procedure, as demanded by the plaintiff.

Therefore, the order appealed from must be reversed and another rendered directing the defendant to allow the plaintiff to enter its fifty-acre tract with his engineers or surveyors and to make therein any inspection or survey which he may deem necessary in furtherance of his right, in the presence and with the intervention of the respondent, if the latter so desire, and of any engineers or surveyors that it might designate for that purpose, said examination not to exceed three days and the petitioner to notify the respondent seven days before the inspection is started, all without any special pronouncement of costs.

Mr. Jutice Wolf dissented.

Mr. Justice Texidor took no part in the decision of this case.